UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID E. TEETERS,

    Plaintiff,

v.                                          Case No: 2:17-cv-163-FtM-99MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court, *sua sponte*, on an Order to Show Cause (Doc. 11) as to Plaintiff David E. Teeters.

**I.    Background**

On March 23, 2017, Plaintiff David E. Teeters filed a Complaint (Doc. 1), requesting review of the Decision of the Commissioner of Social Security ("Commissioner"). Contemporaneously with the Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), a Memorandum in Support (Doc. 3), and an Affidavit of Indigency (Doc. 4). In these documents, Plaintiff requests that he be permitted to proceed *in forma pauperis*, which is without the prepayment of fees and costs.

After considering Plaintiff's submissions, the Court entered an Order (Doc. 9) on March 27, 2017, finding that the documents provided were not sufficient to establish that Plaintiff is indigent and unable to pay the filing fee. In the March 27 Order, the Court cited to case law in support of the financial criteria for an applicant requesting leave to proceed *in forma pauperis*. (*Id.* at 1). The Eleventh Circuit articulated the following standard:

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." [] An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. [] Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. [] In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. [] "[W]here the [IFP] affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question . . . of whether the asserted claim is frivolous." The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. [].

*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citations omitted). In the Affidavit of Indigency (Doc. 4), Mr. Teeters indicated that he has $71,000 in a bank account and received $1,910.00 per month as "PI" settlement. (*See id.* at 3). The Affidavit of Indigency, on its face, did not establish that Mr. Teeters was indigent. (*Id.*).

The Court afforded Mr. Teeters fourteen (14) days to file a more comprehensive Application to Proceed without Prepayment of Costs-Long Form or pay the filing fee. (*See* Doc. 9 at 2). The Court cautioned Mr. Teeters that if he did not comply with the Order, the Court would recommend that this action be dismissed. (*Id.*). The docket reflects that Mr. Teeters failed to pay the filing fee and failed to provide an additional form establishing that he is indigent within the time period permitted.

On April 17, 2017, the Court entered an Order to Show Cause (Doc. 11) affording Mr. Teeters an additional opportunity to comply with the March 27 Order. The Court explained that by failing to comply with the March 27 Order, Plaintiff is not prosecuting this action. Specifically, pursuant to Local Rule 3.10:

> [w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause

> why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10. The Court allowed Mr. Teeters one last opportunity to file an Application to Proceed without Prepayment of Costs-Long Form or pay the filing fee. (Doc. 11 at 1). The Court imposed a deadline of May 1, 2017. Again, the Court cautioned Mr. Teeters that if he failed to comply with the Order to Show Cause, the Court would recommend that this action be dismissed. (*Id*. at 2). Mr. Teeters failed to file the appropriate form and failed to pay the filing fee. The time to comply has lapsed.

## II. Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

## II. Analysis

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful. *See McKelvey*, 789 F.2d at 1520. Plaintiff has twice failed to comply with Court Orders. At this point, because Plaintiff has blatantly failed to comply with two successive Court Orders and has otherwise made no showing in any respect that he wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute. *See id.*

Accordingly, **IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**.

2) This action be dismissed for want of prosecution.

Respectfully recommended in Chambers in Ft. Myers, Florida on May 8, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record/Unrepresented Parties